United States District Court
Southern District of Texas
**ENTERED**
July 20, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIRK MACKEY,<br><br>Plaintiff,<br><br>vs.<br><br>FAIRBANKS CENTER, LTD.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br><br>Case No. 4:25-CV-05445 |

**DEFAULT JUDGMENT AGAINST DEFENDANT**

**THIS CAUSE** is before the Court upon Plaintiff's Verified Motion for Final Default Judgment against Defendant, FAIRBANKS CENTER, LTD. (Document No. 19), filed June 11, 2026. Plaintiff filed this action on November 14, 2025 [D.E. 1]. Plaintiff filed his Motion for Clerk's Default on February 26, 2026 [D.E. 8]. Default was entered on May 18, 2026. [D.E. 17] Defendant has failed to enter an appearance, request an extension of time or file a responsive pleading.

Therefore, it is hereby

**ORDERED and ADJUDGED** as follows:

Plaintiff's Verified Motion for Final Default Judgment against Defendant, FAIRBANKS CENTER, LTD., is **GRANTED**. Judgment is hereby entered in favor of Plaintiff, KIRK MACKEY, against Defendant. The Court hereby ENJOINS Defendant, FAIRBANKS CENTER, LTD., from continuing its discriminatory practices, and ORDERS Defendant, FAIRBANKS CENTER, LTD., to alter the property at 7418 Fairbanks North Houston Road, Houston, TX 77040, Harris County Property Appraiser's parcel identification number 1111470000002 ("the Property") to comply with 42 U.S.C. § 12181, *et seq.* as follows:

**ACCESSIBLE ELEMENTS**

(i) Nearest Little Buddy Gas, Defendant shall modify the access aisle to the accessible parking space so it is level in compliance with Section 502.4 of the 2010 ADAAG Standards.

(ii) Nearest Little Buddy Gas, Defendant shall modify the accessible curb ramp so it is no longer protruding into the access aisle of the accessible parking space in compliance with Section 406.5 of the 2010 ADAAG Standards.

(iii) Nearest Little Buddy Gas, Defendant shall ensure the accessible parking space is level in compliance with Sections 502.4 and 406.5 of the 2010 ADAAG Standards.

(iv) Defendant shall modify the accessible parking space and access aisle nearest Little Buddy Gas so the maximum cross-slope is 1:48 in compliance with Section 502.4 of the 2010 ADAAG Standards.

(v) Defendant shall modify the accessible parking space nearest Little Buddy Gas so all vertical rises in the accessible parking space in excess of ¼ inch are removed/flattened and are otherwise in compliance with Section 502.4 of the 2010 ADAAG Standards.

(vi) Defendant shall provide an identification sign to the accessible parking space nearest Little Buddy Gas in compliance with Section 502.6 of the 2010 ADAAG Standards.

(vii) Defendant shall have at a minimum three accessible parking spaces on the Property in compliance with Section 208.2 of the 2010 ADAAG Standards.

(viii) At the entrance to Unit 7402, Defendant shall modify the door threshold so it is in compliance with section 404.2.5 of the 2010 ADAAG Standards.

(ix) Defendant shall modify the maneuvering clearance of the accessible entrance door at Unit 7402 so it is level and in compliance with Section 404.2.4.4 of the 2010 ADAAG Standards.

(x) Defendant shall install parking stops in front of the parking spaces nearest Unit 7402, so vehicles, when parked, do not pull up and block the access route. There shall be a minimum of 36 inches of clear space for the accessible route when vehicles are parked here in compliance with section 403.5.1 of the 2010 ADAAG Standards.

(xi) Defendant shall install parking stops in front of the parking spaces nearest Unit 7402, so vehicles, when parked, do not pull up and block the access route in compliance with section 502.7 of the 2010 ADAAG Standards.

(xii) Defendant shall modify the doorway threshold at Mi Recuerdo Restaurant so it is in compliance with Section 404.2.5 of the 2010 ADAAG Standards.

(xiii) Defendant shall ensure the accessible entrance maneuvering clearance at Mi Recuerdo Restaurant is level and in compliance with section 404.2.4 of the 2010 ADAAG Standards.

(xiv) Defendant shall modify the doorway threshold at Mi Recuerdo Restaurant so it is in compliance with Section 404.2.5 of the 2010 ADAAG Standards.

(xv) Defendant shall ensure the accessible entrance maneuvering clearance at Mi Recuerdo Restaurant is level and in compliance with section 404.2.4 of the 2010 ADAAG Standards.

(xvi) Defendant shall modify the doorway threshold at Unit 7412 so it is in compliance with Section 404.2.5 of the 2010 ADAAG Standards.

(xvii) Defendant shall ensure the accessible entrance maneuvering clearance at Unit 7412 is level and in compliance with section 404.2.4 of the 2010 ADAAG Standards.

(xviii) Defendant shall modify the doorway threshold at Unit 7404so it is in compliance with Section 404.2.5 of the 2010 ADAAG Standards.

(xix) Defendant shall ensure the accessible entrance maneuvering clearance at Unit 7404 is level and in compliance with section 404.2.4 of the 2010 ADAAG Standards.

(xx) Defendant shall modify all entrance doors and doorways at the property so they are in compliance with Section 404 of the 2010 ADAAG Standards.

(xxi) If the above modifications are made, no signage is necessary.

(xxii) Defendant shall adhere to a policy, practice and procedure to ensure all facilities are readily accessible.

**CAPTAIN'S SEAFOOD RESTAURANT RESTROOMS**

(xxiii) Defendant shall install signage on or about the restroom entrances in compliance with Sections 216.8 and 703 of the 2010 ADAAG Standards.

(xxiv) Defendant shall provide grab bars in compliance with 604.5 of the 2010 ADAAG Standards for each accessible toilet.

(xxv) Defendant shall insulate exposed pipes and surfaces under the sink so they are configured to protect against harmful contact in compliance with Section 606.5 of the 2010 ADAAG Standards.

(xxvi) Defendant shall modify the sink so that the maximum height of the upper surface is 34 inches above the finished floor in compliance with Section 606.3 of the 2010 ADAAG Standards.

(xxvii) Defendant shall modify the door to the restroom so it has clear maneuvering clearance in compliance with Section 404.2.4 of the 2010 ADAAG Standards.

(xxviii) Defendant shall modify the restroom door so it does not swing into the clear floor space or clearance of the sink in compliance with Section 603.2.3 of the 2010 ADAAG Standards.

All references to "ADAAG Standards" shall refer to ADA Accessibility Guidelines for Buildings and Facilities (ADAAG) as amended through September 2010.

The above-referenced alterations and modifications shall be completed in all respects by January 20, 2027. If the alterations and modifications are not completed in all respects by January 20, 2027 then Defendant, FAIRBANKS CENTER, LTD., shall be subject to reasonable sanctions to compel compliance with this Judgment. Said sanctions may include but not be limited to per diem fines and/or the closing of the premises until said modifications are completed.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Verified Motion for Final Default Judgment against Defendant, FAIRBANKS CENTER, LTD., is **GRANTED**.

The Court retains jurisdiction of the above-styled action to permit Plaintiff to seek and determine the amount of attorney's fees and costs due to Plaintiff and to assure Defendant,

FAIRBANKS CENTER, LTD., subsequent compliance with this Judgment and the Americans with Disabilities Act.

SIGNED in Chambers, at Houston, Texas, this 20 day of July, 2026.

Ewing Werlein, Jr.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE